## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2018, 8:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kevin Wild
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Donald Jackson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 30, 2018

Court of Appeals Case No.
49A04-1711-CR-2549

Appeal from the Marion Superior
Court

The Honorable Christina R.
Klineman, Judge

Trial Court Cause No.
49G17-1706-F6-21380

**Vaidik, Chief Judge.**

# Case Summary

Donald Jackson was convicted of Level 6 felony intimidation and Class B misdemeanor battery. He appeals the sufficiency of the evidence to support his intimidation conviction and the length of his battery sentence. We find that the evidence is sufficient to support Jackson's intimidation conviction. However, because the trial court sentenced Jackson to 365 days for battery but the maximum term for a Class B misdemeanor is 180 days, we reverse and remand for the limited purpose of correcting the length of this sentence.

# Facts and Procedural History

On the morning of June 6, 2017, Michael Evans parked his car in a surface parking lot at the corner of Meridian and South Streets in downtown Indianapolis. As Evans exited his car and was headed to work, he saw, in the back of the parking lot, Jackson screaming at a woman using vulgar language and hitting her in the face and upper body "very . . . intensely" with a closed fist. Tr. Vol. II p. 8. Evans "started screaming" in hopes of distracting Jackson and drawing the attention of others. *Id.* Evans then started walking toward Jackson and the woman. As Evans got closer, Jackson "started coming after [him]." *Id.* at 9. At this point, some bystanders intervened and shoved Jackson to the ground. Evans called 911. Jackson got free and started to leave; however, he returned and approached Evans, trying to convince him that he did not see anything earlier between him and the woman.

[3] In the meantime, Indianapolis Metropolitan Police Department Officer Thomas Bordenkecher arrived on the scene. He described a scene of "chaos": Evans and Jackson were "facing each other," Jackson was yelling, and Evans was in a "guarded defensive position." *Id.* at 28, 29. Jackson told the officer that he "was attacked by some dudes." *Id.* at 28. Officer Bordenkecher then spoke with the woman, who had fresh injuries, and decided to arrest Jackson for domestic battery. After being placed in handcuffs, Jackson yelled that he wanted "justice" for what had happened to him. *Id.* at 34. Jackson then told Officer Bordenkecher that he "knew where to find" him and that "he was coming to kick [his] a**[]." *Id.* Jackson, who was about ten feet away from Officer Bordenkecher, looked directly at the officer as he said this.

[4] The State charged Jackson with several offenses, including Level 6 felony intimidation (of Officer Bordenkecher) and Class A misdemeanor domestic battery. At the bench trial, Officer Bordenkecher testified that although Jackson did not know his name at the time, he did not take Jackson's comments "lightly"; rather, he took Jackson's comments as "threatening." *Id.* at 39, 47-48. Jackson was convicted of Level 6 felony intimidation and Class B misdemeanor battery as a lesser-included offense of Class A misdemeanor domestic battery.[1] The trial court sentenced Jackson to 365 days on each count

---

[1] The woman did not appear to testify at trial, and the State dismissed three charges concerning her. *See* Tr. Vol. II p. 52. The State conceded that it could not prove a domestic relationship for the remaining charge concerning the woman and asked the trial court to proceed on Class B misdemeanor battery as a lesser-included offense. *Id.* at 53. Finally, there was a second intimidation charge for an officer who had since retired and did not appear to testify at trial, and the court found Jackson not guilty of that count.

(to be served on community corrections) and ordered the sentences to be served concurrently.

[5] Jackson now appeals.

# Discussion and Decision

## I. Sufficiency

[6] Jackson contends that the evidence is insufficient to support his conviction for Level 6 felony intimidation. When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the judgment. *Sallee v. State*, 51 N.E.3d 130, 133 (Ind. 2016). It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* It is not necessary that the evidence "overcome every reasonable hypothesis of innocence." *Id.* (quotation omitted). The evidence is sufficient if an inference may reasonably be drawn from it to support the judgment. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007).

[7] Here, the State alleged that Jackson committed Level 6 felony intimidation by communicating a threat to a law-enforcement officer (i.e., that Jackson knew where to find Officer Bordenkecher and was going to "kick his a**[]"), with the intent that the officer be placed in fear of retaliation for a prior lawful act (i.e., conducting an investigation and/or placing Jackson under arrest) and the threat

was communicated to the officer because of an act taken by him within the scope of his occupation. *See* Appellant's App. Vol. II pp. 20-21 (charging information); Ind. Code § 35-45-2-1(a)(2), (b)(1)(B)(i).

[8] Jackson claims that the State presented insufficient evidence that Jackson communicated a "true threat" to Officer Bordenkecher. The intimidation statute defines "threat" as "an expression, by words or action, of an intention to . . . unlawfully injure the person threatened . . . ." I.C. § 35-45-2-1(d)(1). Our Supreme Court clarified in *Brewington v. State* that "true threats" depend on two necessary elements: (1) that the speaker intend for his communications to put his targets in fear for their safety and (2) that the communications were likely to actually cause such fear in a reasonable person similarly situated to the target. 7 N.E.3d 946, 964 (Ind. 2014), *reh'g denied*. We find that the evidence is sufficient to prove both elements. Officer Bordenkecher arrived on a chaotic scene. After sorting through what happened and determining that Jackson had battered the visibly injured woman, Officer Bordenkecher arrested and handcuffed Jackson. Jackson looked directly at Officer Bordenkecher and told him not only that he "knew where to find" him but also that he "was coming to kick [his] a**[]." Although Jackson argues on appeal that his "cliché" statement was "surely relatively commonplace to a 26-year veteran police officer," Appellant's Br. p. 10, Officer Bordenkecher testified otherwise at trial. Specifically, the officer testified that he's "seen this before: officers' houses have been attacked and shot at, so no, we don't take [statements like this] lightly." Tr. Vol. II p. 39. Rather, Officer Bordenkecher took Jackson's statement as a

threat. *Id.* at 47-48. The evidence is sufficient for the fact-finder to conclude that Jackson's words to Officer Bordenkecher represented a true threat. We therefore affirm Jackson's intimidation conviction.

# II. Sentence

Jackson next contends that the trial court erred in sentencing him to 365 days for Class B misdemeanor battery. *See* Appellant's App. Vol. II pp. 15-16 (Sentencing Order). According to Indiana Code section 35-50-3-3, "A person who commits a Class B misdemeanor shall be imprisoned for a fixed term of not more than one hundred eighty (180) days . . . ." The State acknowledges that the maximum sentence for a Class B misdemeanor is 180 days. *See* Appellee's Br. p. 12. Accordingly, we remand this case to the trial court with instructions to correct the length of Jackson's sentence for Class B misdemeanor battery from 365 to 180 days.

Affirmed in part and reversed and remanded in part.

Barnes, J., and Pyle, J., concur.